NO. 07-06-0481-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 27, 2007

_____

JORGE SANCHEZ, III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 110TH DISTRICT COURT OF FLOYD COUNTY;

NO. 4239; HONORABLE WILLIAM P. SMITH, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to a guilty plea, on February 2, 2005, Appellant, Jorge Sanchez, III, was convicted of retaliation and punishment was assessed at 10 years confinement, suspended in favor of ten years community supervision, and a $1,000 fine. On November 1, 2006, the State filed its *Amended Motion to Revoke* alleging that Appellant had violated numerous

conditions of community supervision. At the hearing on the State's motion, Appellant pleaded true to violating his curfew, but pleaded not true to the remaining allegations. The State presented evidence after which the trial court found that sufficient evidence was presented to grant the State's motion. The court then revoked Appellant's community supervision and assessed punishment at eight years confinement. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Monroe v. State*, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the brief to Appellant and informed Appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified Appellant of his right to review the record and file a *pro se* response if he desired to do so. The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief. Appellant did not file a response. Neither did the State favor us with a brief.

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

At the motion hearing, the State presented evidence that Appellant failed to report by mail for the months of June, July, and August 2006, and that he failed to perform eight hours of monthly community service for March, April, May, June, July, August, and September 2006. Evidence was also presented that he failed to fully pay restitution and fees, evaded arrest, and was in possession of marihuana. *See Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). *See also Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980).

Appellant, his girlfriend, and his mother testified to refute the State's allegations. Appellant denied any knowledge of the marihuana and explained that it was difficult for him to comply with the conditions of community supervision due to transportation problems and financial hardships. Following the presentation of evidence, the trial court announced there was sufficient evidence to support revocation. Additionally, Appellant's plea of true to violating curfew, standing alone, supports the trial court's judgment revoking community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record and counsel's brief, we agree that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Cr.App. 2005).

Accordingly, counsel's motion to withdraw is granted[2] and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[2]In granting counsel's motion to withdraw, however, we remind counsel of the "educational" duty to inform the Appellant of this Court's decision and of his right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex.Crim.App. 2006).